# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

IRINA COLLIER,

    Plaintiff,

v.                                         Case No.  1:24-cv-90-AW/MJF

CHARLES WADE COLLIER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Irina Collier, proceeding *pro se*, has filed a complaint asserting that her ex-husband—Defendant Charles Collier—kept their son a "trafficked hostage" and "kidnap[ed] [an] emancipated child." Doc. 1 at 2. Because Plaintiff failed to identify a basis for the District Court to exercise subject-matter jurisdiction, the undersigned directed Plaintiff to show cause why this case should not be dismissed for lack of subject-matter jurisdiction. Plaintiff has not complied with that order. Because the District Court lacks subject-matter jurisdiction and because Plaintiff failed to comply with a court order and has failed to prosecute this civil action, the District Court should dismiss this case.

## I. BACKGROUND

### A. Plaintiff's Litigation History

Plaintiff is not a stranger to the federal courts. Plaintiff previously has filed three civil actions in the United States District Court for the Northern District of Florida:

- *Collier v. Fla. Bd. of Educ.*, No. 1:24-cv-85-RH-HTC (N.D. Fla.) (dismissed for lack of subject matter jurisdiction);

- *Collier v. Trump, et al.*, No. 1:23-cv-167-RH-HTC, at Doc. 4 (July 14, 2023), *report and recommendation adopted*, Doc. 5 (Aug. 18, 2023) (dismissing complaint containing "vague, conclusory, and conspiratorial allegations" because it "fail[ed] to establish the existence of a non-frivolous federal claim or complete diversity between the parties"); and

- *Collier v. Gainey*, No. 1:24-cv-113-AW-ZCB (N.D. Fla).

Plaintiff also has filed at least twenty cases and appeals in the United States District Courts for the Northern and Southern Districts of California, the United States Court of Appeals for the Ninth Circuit, and the United States Court of Appeals for the Federal Circuit. *See, e.g., Collier v. Collier*, 2023 WL 1767012, at *3 (S.D. Cal. Feb. 3, 2023)

(dismissing *sua sponte* plaintiff's complaint as frivolous and duplicative to "nearly identical claims [filed] before the Northern District of California, the Ninth Circuit, the Federal Circuit, and the United States Supreme Court"), *appeal dismissed*, 2023 WL 3375581 (9th Cir. Apr. 10, 2023); *Collier v. Trump*, 2023 WL 6301678, at *2 (S.D. Cal. Aug. 11, 2023), *appeal dismissed*, 2024 WL 705878 (Fed. Cir. Feb. 21, 2024) (noting that Plaintiff's "frivolous filings" have placed a great burden on "courts across the country").

B. **Plaintiff's Allegations**

Plaintiff's complaint spans 89 pages. Plaintiff seeks "Child Support Enforcement" under the "Uniform Interstate Family Support Act" and alleges that this is a "Dead Beat Dad case." Doc. 1 at 1, 3. Much of the complaint entails rambling allegations of a "Maga coverup," "FAFSA Fraud," and the kidnapping and torture of Plaintiff's twenty-four-year-old son. Plaintiff also attached at least a dozen photocopied documents pertaining to Plaintiff's mortgage. Plaintiff alleges that "America doesn't play 'Netanyahu' games with its own citizens – hostage lives." Doc. 1 at 7. Finally, Plaintiff alleges that "Professor will spill all of the Bitcoins as soon as he hears the Miranda, he'll sing high notes, very high indeed." *Id.*

at 6. Plaintiff requests that the court "[f]ollow the bitcoins around the globe aiming from the bottom of the ocean to mars on a journey until the water crushes the luxury submarine." *Id.* at 5–6.

## C. The Undersigned's Order to Show Cause

Because Plaintiff failed to identify a basis for the District Court to exercise subject-matter jurisdiction, on July 29, 2024, the undersigned ordered Plaintiff to show cause why this case should not be dismissed for lack of subject-matter jurisdiction. Doc. 9 at 8. The undersigned imposed a compliance deadline of September 12, 2024 and warned Plaintiff that any failure to comply timely likely would result in dismissal of this civil action. *Id.* at 8–9.

As of the date of this report and recommendation, Plaintiff has not complied with this order.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, and they possess only the power authorized by the Constitution and Congress. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, before

addressing the merits of a civil action, a federal court must assure itself that it enjoys subject-matter jurisdiction. *Allapattah Servs., Inc.*, 545 U.S. at 552; *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the case. *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997); *see also* Fed. R. Civ. P. 12(h)(3).

1. ***Federal-Question Jurisdiction***

To determine whether it enjoys federal-question jurisdiction over a particular action, a district court first must look at the subject matter of the "well-pleaded complaint." *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) (observing that "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon" federal law). Federal-question jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal court must entertain the suit "where the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United Sates . . . ."

*Bell v. Hood*, 327 U.S. 678, 681–82 (1946). A plaintiff bears the burden of demonstrating that the court enjoys subject-matter jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) (requiring a short plain and statement of the grounds for the court's jurisdiction); *Kokkonen*, 511 U.S. at 377.

Plaintiff's complaint does not indicate that any of Plaintiff's claims are based on federal law. Although Plaintiff references the Uniform Interstate Family Support Act, this is "not a federal law but is instead a model proposed state law which the federal government incentivizes the states to adopt by state statute." *Burkhardt v. Fla. Dep't of Revenue Child Support Program*, No. 8:21-CV-1769-SDM-JSS, 2021 WL 7448126, at *1 (M.D. Fla. Dec. 23, 2021) (quoting *Mullen v. Mullen*, No. 3:12-CV-499-MCR/CJK, 2012 WL 6569309, at *2 (N.D. Fla. Nov. 19, 2012), *report and recommendation adopted*, No. 3:12-CV-499-MCR/CJK, 2012 WL 6569330 (N.D. Fla. Dec. 17, 2012). Thus, assertion of a claim under this Act is insufficient to bestow federal-question jurisdiction. *Id.*; *accord Nunnery v. Florida*, 102 F. Supp. 2d 772, 776 (E.D. Mich. 2000).

Plaintiff does not identify any federal law that authorizes her claims. As noted above, her allegations are nonsensical and fail to indicate that Defendant is liable civilly for any violation of a federal law.

The complaint includes bizarre allegations about far-flung conspiracies, but it fails to include any facts tying these allegations to the Defendant or any explanation of how these allegations constitute a violation of any federal law. *See Catalyst Pharm., Inc. v. Fullerton*, 748 F. App'x 944, 946 (11th Cir. 2018) (noting that "vague and conclusory allegations do not satisfy" a plaintiff's burden to "make a prima facie case of jurisdiction").

Thus, Plaintiff has failed to carry her burden of demonstrating that the District Court enjoys federal-question jurisdiction regarding Plaintiff's claims.

### 3. *Diversity-of-Citizenship Jurisdiction*

Diversity-of-citizenship jurisdiction requires (1) complete diversity of the parties' citizenship and (2) an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Under the complete-diversity requirement, courts look to a natural person's domicile for citizenship. *Travaglio v. Am. Expr. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Domicile "requires both residence in a state and 'an intention to remain there indefinitely.'" *Id.* (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). "An individual can have only one domicile at a time." *Page v. Democratic Nat'l Comm.*, 2 F.4th

630, 635 (7th Cir. 2021) (citing *Williamson v. Osenton*, 232 U.S. 619, 625 (1914)).

Plaintiff failed to carry her burden of identifying her domicile. Nevertheless, Plaintiff states that she resides in Gainesville, Florida. Doc. 1 at 1. Furthermore, she filed a copy of her Florida driver's license. *Id.* This suggests that Plaintiff is a resident and citizen of Florida. *See Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (identifying the factors that determine whether a person intends to remain in a state). Plaintiff has not identified the Defendant's state of citizenship. Nor has she listed Defendant's address in any coherent way. As the party invoking a federal court's jurisdiction, it is Plaintiff's burden to establish the presence of complete diversity. *Travaglio*, 735 F.3d at 1268. She has not done so. Thus, Plaintiff has failed to demonstrate that the District Court enjoys diversity-of-citizenship jurisdiction.

Because Plaintiff has failed to demonstrate that the District Court possesses subject-matter jurisdiction, the District Court should dismiss this civil action.

## B. Failure to Comply with Court Orders and Failure to Prosecute

Even if the District Court enjoyed subject-matter jurisdiction, there are additional reasons for the District Court to dismiss this action: Plaintiff's failure to comply with a court order and her failure to prosecute this action.

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Plaintiff has failed to comply with a court order. Plaintiff has offered no excuse for her failure and, consequently, has not shown good cause. She also has failed to prosecute this action. Accordingly, dismissal of this civil action is appropriate on these bases.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.   **DISMISS** this action without prejudice.

2.   **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 22nd day of October, 2024.

/s/ *Michael J. Frank*
Michael J. Frank
United States Magistrate Judge

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**